IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CELESTE M. GONSALVES,<br><br>            Plaintiff,<br><br>       vs.<br><br>PROSECUTOR STEVEN S. ALM;<br>DEPUTY PROSECUTING ATTORNEY<br>MARK YUEN,<br><br>            Defendants. | CIVIL NO. 25-00053 SASP-WRP<br><br>ORDER DISMISSING THE COMPLAINT WITH PREJUDICE AND ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

**ORDER DISMISSING THE COMPLAINT WITH PREJUDICE AND
ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

This pro se action, brought pursuant to 42 U.S.C. § 1983, was referred to the Honorable Wes Reber Porter ("Judge Porter"), United States Magistrate Judge, for Findings and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 74.1, on Plaintiff Celeste M. Gonsalves' ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees and Costs ("Application") [ECF No. 3.] On March 12, 2025, Judge Porter issued Findings and Recommendation ("F&R"), recommending that this Court dismiss the Complaint without leave to amend based upon absolute prosecutorial immunity and deny Plaintiff's Application as moot. [ECF No. 7 at PageID.104.] On March 27, 2025, Plaintiff timely filed an objection. [ECF No. 8.]

After conducting a de novo review, for the reasons stated herein, this Court finds Plaintiff's Complaint should be DISMISSED WITH PREJUDICE. Plaintiff's request for relief violates the doctrine of separation of powers and the Complaint does not state a cognizable constitutional violation. This Court further adopts Judge Porter's F&R.

I.        BACKGROUND

Plaintiff filed a Complaint against Prosecuting Attorney Steven S. Alm ("Alm") and Deputy Prosecuting Attorney Mark Yuen ("Yuen") (collectively "Defendants"), alleging violations of her civil rights under 42 U.S.C. § 1983. [ECF No. 1 at PageID.3.] The Complaint, which centers on the alleged breach of her due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, claims that Alm failed to investigate her formal complaint regarding a forged rental lease submitted by her ex-landlord and his attorney, Stuart Glauberman ("Glauberman") which was used to evict her illegally. [*Id.* at PageID.4–5.] She further alleges that Yuen denied her the opportunity to present additional evidence to discredit false statements made by opposing counsel, the trial judge, and her landlord. [*Id.* at PageID.4.] Despite submitting a formal complaint to the Mayor of the City and County of Honolulu and Governor of the State of Hawaiʻi, Plaintiff claims that her case was not reviewed due to the prosecutor's elected status. [*Id.* at PageID.5.] Plaintiff is seeking declaratory judgment and injunctive relief, requesting this Court order "a full investigation into her case by the Honolulu Prosecutor's Office." [*Id.* at PageID.7.] She is not seeking damages for injuries in this claim. [*Id.*]

Attached as Exhibit 3 to her Complaint, is a letter dated January 10, 2024, which appears to address the Defendants' decision not to proceed with a criminal charge against Glauberman for Forgery in the Second Degree. [*Id.* at PageID.69-.71]. Yuen, who authored the letter, explains that the case was reviewed by both himself and a second deputy prosecuting attorney to ensure impartiality. [*Id.* at PageID.69.] The letter outlines that the alleged forgery involved Glauberman creating a "forged lease" that omitted reference to the Housing and Urban Development ("HUD") Section 8 program and attaching it to a Complaint for Summary Possession filed on February 21, 2021. [*Id.* at PageID.70.] However, the letter states that there

2

was no intent to defraud because Glauberman filed a second complaint on March 3, 2021, with the correct lease, indicating no intent to deceive the court. [*Id.*] The letter further explains that the evidence of the lease being part of the HUD Section 8 program would have been presented during hearings, making it impossible for Glauberman to hide this fact. [*Id.*] The letter concludes that there is no legal or factual possibility of proving the case beyond a reasonable doubt and emphasizes the ethical duty not to pursue charges without probable cause, noting that the Honolulu Police Department did not arrest Glauberman. [*Id.* at PageID.71.] Plaintiff disagrees with the letter and disputes its contents. [*Id.* at PageID.69 -.71, and 6.]

## II.     LEGAL STANDARD

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendation, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which a party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not

3

preclude further review by the district judge[ ] sua sponte ... under a de novo or any other standard." *Thomas*, 474 U.S. at 154.

### III.     DISCUSSION

Plaintiff objects to the recommendation to dismiss her Complaint without leave to amend, arguing that the dismissal was premature and based on an erroneous application of prosecutorial immunity. [ECF No. 8 at PageID.115.] She contends that her Complaint met all eligibility requirements and that the judge failed to consider her exhibits, focusing instead on dismissing the case due to perceived absolute immunity of the defendants. [*Id*. at PageID.118.] Plaintiff argues that absolute immunity is not applicable because Defendants' actions were investigative and administrative in nature, not prosecutorial. [*Id*.at PageID.116.] Plaintiff further argues that because her request is for a declaratory judgment and injunctive relief and not for monetary damages, immunity protections are not triggered. [*Id*.] She claims that her lack of financial resources should not affect her access to justice and that her Complaint was unfairly scrutinized due to her indigent status. [*Id*. at PageID.113, 115.] Lastly, she argues that she should be allowed leave to correct and provide additional evidence, which she believes could demonstrate illegal activity and her suffering. [*Id*. at PageID.119.]

#### A.     Screening of the Complaint

In her objection, Plaintiff asserts her Complaint was unfairly screened due to her indigent status. However, Plaintiff makes this assertion without any legal basis as the requirement to screen an in forma pauperis ("IFP") complaint is mandated by statute. The IFP statute codified in 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to federal courts and allows a litigant to commence an IFP civil action by filing in good faith an affidavit stating, *inter alia*, that she is unable to pay the costs of the lawsuit. *Neitzke v.*

4

*Williams*, 490 U.S. 319, 324 (1989), citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). Congress recognized, however, that a litigant whose filing fees and costs are assumed by the public, unlike a paying litigant, lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Id.* To prevent such abuse, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim). Dismissal on these grounds is often made sua sponte to the issuance of the process, to prevent misuse of the judicial system by filtering out non-meritorious claims early in the process, thereby protecting judicial resources and the rights of defendants. *See Neitzke*, 490 U.S. 319. Thus, the screening of Plaintiff's Complaint prior to adjudicating her Application was proper.

> **B.    Plaintiff's request for equitable relief violates the doctrine of separation of powers.**

Before addressing Plaintiff's objections to the F&R, this Court must address Plaintiff's request for equitable relief. Plaintiff is asking this Court to review her state case, find merit with it, an order the Defendants, who are county prosecutors, to fairly investigate.[1] This

---

[1] The relief section of the Complaint reads:

Plaintiff Celeste M. Gonsalves is requesting for declaratory judgment and injunctive relief from the United States District Court, District of Hawaii for this federal § 1983 beach of civil rights claims, as such …

5

Court, however, cannot do what Plaintiff asks as her requested relief violates the doctrine of separation of powers.

It has been held that federal district courts cannot order a United States Attorney to investigate or initiate a prosecution because it would violate the doctrine of separation of powers. *Ross v. U. S. Attorney's Off. Cent. Dist. of California*, 511 F.2d 524 (9th Cir. 1975); *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973); *United States v Cox*, 342 F.2d 167 (5th Cir. 1965). The same considerations would seem to apply to this Court's authority to order a county prosecutor to conduct an investigation, as such an order would raise serious concerns under the doctrine of federalism. *See O'Connor v. State of Nev.*, 507 F.Supp.546, 549 (D. Nevada 1981). This matter was addressed in *Inmates of Attica Correctional Facility*, 477 F.2d 375, where the court considered a civil rights action seeking to compel federal and state officials to investigate and prosecute persons who allegedly violated certain federal and state criminal statutes. The court granted the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) and stated:

> "In the absence of statutorily defined standards governing reviewability, or regulatory or statutory policies of prosecution, the problems inherent in the task of supervising prosecutorial decisions do not lend themselves to resolution by the judiciary. The reviewing courts would be placed in the undesirable and injudicious posture of becoming 'superprosecutors.' In the normal case of review of executive acts of discretion, the administrative record is open, public and reviewable on the basis of what it

---

1.) Declaratory Judgment: Plaintiff Celeste M. Gonsalves is requesting for a United States District Court Judge to review her complaint and its attached exhibits to declare the merits of this case warrant further examination of the Honolulu Prosecutors Office.

2.) Injunctive Relief: Plaintiff Celeste M. Gonsalves is requesting for a United States District Court Judge to order the Honolulu Prosecutors office to conduct a full, fair, and unbiased investigation into her case.

> contains. The decision not to prosecute, on the other hand, may be based upon the insufficiency of the available evidence, in which event the secrecy of the grand jury and of the prosecutor's file may serve to protect the accused's reputation from public damage based upon insufficient, improper, or even malicious charges. *In camera* review would not be meaningful without access by the complaining party to the evidence before the grand jury or U.S. Attorney. Such interference with the normal operations of criminal investigations, in turn, based solely upon allegations of criminal conduct, raises serious questions of potential abuse by persons seeking to have other persons prosecuted.

*Id.* at 380.

For this reason, Plaintiff's Complaint must then be dismissed with prejudice, as the doctrine of the separation of powers prohibits this Court from granting the equitable relief Plaintiff seeks.

### C. Plaintiff cannot demonstrate a violation of a constitutional right.

In her Complaint for violation of civil rights, Plaintiff asserts that her "Fifth and Fourteenth Amendment" and "due process rights" were violated by Defendants conduct. [ECF No. 1 at PageID.3]. To establish a Section 1983 claim a plaintiff must demonstrate: "(1) a person acting under color of State law; (2) subjects or causes to be subjected to deprivation; (3) a U.S. citizen or person in the jurisdiction of the United States; (4) of a right, privilege, or immunity secured by the Constitution and laws." *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 & n.9 (9th Cir. 2023). Here, Plaintiff cannot demonstrate that her constitutional rights were implicated by Defendants failure to investigate and prosecute her case because Plaintiff had no constitutional right to any investigation of her citizen's complaint, much less a thorough investigation or a particular outcome.

While the First Amendment protects the right of an individual to petition the government for redress of grievances, this right is unidirectional; as it does not require

government officials to respond, or even listen, to citizens.[2] *See Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020), citing *Smith v. Arkansas State Highway Emp., Loc. 1315*, 441 U.S. 463, 464 (1979). The First Amendment does not guarantee that there will be any government response to a petition or that the government will take any action regarding the relief demanded by Plaintiff. Specifically, the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *Page v. Stanley*, No. CV 11-2255 CAS SS, 2013 WL 2456798 (C.D. Cal. June 5, 2013), citing, *Smith*, 441 U.S. at 464–65.

Here, Plaintiff exercised her constitutional right to petition the government by filing a police report and asking that the case be investigated by the Defendants. The exercise of that right did not trigger an obligation under the federal Constitution for Defendants to consider or investigate Plaintiff's claims or to provide any response to Plaintiff. Therefore, regardless of the adequacy of Defendants' investigation, Plaintiff's constitutional rights under the First Amendment were not violated.

Nor were Plaintiff's due process or equal protection rights implicated by Defendants' decision not to investigate and prosecute Plaintiff's complaint. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). To establish a violation of substantive due process, a plaintiff must show both (1) "a government deprivation of life, liberty or property," and (2)

---

[2] While Plaintiff did not assert a First Amendment violation in her Complaint, she did make a general assertion that Defendants' conduct violated her civil rights. For purposes of a complete review of her Complaint, this Court will liberally construe her claims to also assert a First Amendment violation. Courts afford pro se plaintiffs the benefit of any reasonable doubt and construe their filings liberally to ensure that potentially valid claims are not dismissed due to technical deficiencies. *See Belknap v. Alphabet, Inc.*, 504 F. Supp. 3d 1156, 1159 (D. Or. 2020), citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

8

"conscience shocking behavior by the government." *Id.* The Due Process Clause also "forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090–91 (9th Cir. 2008). A violation of procedural due process requires a showing of (1) "a liberty or property interest protected by the Constitution," (2) "a deprivation of the interest by the government," and (3) "a lack of process." *Id.* at 1090 (internal quotation marks omitted).

The Defendants' decision not to further investigate or prosecute Plaintiff's claims did not deprive her of liberty or property. Courts have held that a failure to investigate a complaint did not violate an individual's substantive or procedural due process rights because plaintiff had no constitutionally protected liberty or property interest in the investigation. *Page*, 2013 WL 2456798, citing *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (sheriff's failure to investigate complaint of excessive force did not violate arrestee's substantive or procedural due process rights because plaintiff had no constitutionally protected liberty or property interest in an investigation) and *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 32 (2d Cir. 2010) (parents did not have a property interest protected by the Due Process Clause of the Fourteenth Amendment in an adequate police investigation of the car accident that caused their son's death). Consequently, because Defendants' refusal to investigate Plaintiff's claims did not deprive Plaintiff of her life, liberty or property, Plaintiff has not established a due process violation.

Similarly, Plaintiff has not established Defendants' conduct violated her equal protection rights. To establish an equal protection violation, Plaintiff must show that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)

(per curiam). Although Plaintiff vaguely asserts that her right to equal protection was violated by Defendants' conduct, Plaintiff does not allege, much less provide any factual basis to establish, that she was treated differently than other similarly situated individuals. Moreover, the January 10, 2024 letter written by Yuen provides a rational explanation of why Plaintiff's claims were not pursued. The three-page letter provides a detailed analysis explaining that even though Glauberman may have initially filed a "forged lease," his subsequent action of filing a second complaint which corrected the error demonstrates there was no intent to defraud, thus Defendants could not prove a case for forgery. A disagreement with the letter's explanation and conclusion alone does not provide her with a basis to bring an equal protection violation. Consequently, Plaintiff has failed to show that her equal rights were violated.

Accordingly, Plaintiff's Complaint which is based upon Defendants' failure to investigate her formal complaint is not actionable under Section 1983 because Defendants' conduct did not violate Plaintiff's First Amendment, due process, or equal protection rights.

> D. **A county prosecutor enjoys absolute immunity in deciding whether to pursue criminal charges.**

Here, Defendants are county prosecutors. Prosecutors have broad discretion in deciding whether to prosecute a case. This discretion includes evaluating the strength of the evidence, the general deterrence value of the prosecution, the government's enforcement priorities, and the case's relationship to the government's overall enforcement plan. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). The Supreme Court has emphasized that prosecutorial discretion is "particularly ill-suited to judicial review" and is generally not subject to judicial oversight. *See United States v. Biden*, 728 F. Supp. 3d 1054 (C.D. Cal. 2024), *appeal dismissed,* No. 24-2333, 2024 WL 2745125 (9th Cir. May 14, 2024). As such, prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is "intimately

10

associated" with the judicial phase of the criminal process. *See Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc) ("[T]o enjoy absolute immunity for a particular action, the official must be performing a duty functionally comparable to one for which officials were rendered immune at common law."). However, when prosecutors perform administrative or investigative functions, only qualified immunity is available. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 271–73 (1993); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). That is, the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor. *Buckley*, 509 U.S. at 273.

In objecting to the findings, Plaintiff argues that Judge Porter erroneously applied absolute immunity. She contends that the Defendants' failure to conduct a fair investigation is akin to an administrative or investigative function, and therefore, only qualified immunity should apply. [ECF No. 8 at PageID.116.] Plaintiff's argument, however, is contrary to clearly established law as the Ninth Circuit Court of Appeals has held that a prosecutor enjoys absolute immunity in deciding whether to pursue criminal charges. In *Roe v. City & Cnty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997), the Ninth Circuit explicitly stated that a prosecutor has absolute immunity for the decision to prosecute. In *Roe*, 109 F.3d 578, the court found that the decision to charge a defendant with a crime may well be the most critical determination in the entire prosecutorial process. *Id.* In finding that absolute immunity applied, the court reasoned that the decision to prosecute may result in the loss of a defendant's freedom pending trial and would confront the individual with the economic and social costs of a trial. *Id.* The Ninth Circuit

concluded that the nature of the decision not to prosecute is "intimately associated with the judicial phase of the criminal process" and found that absolute immunity applied. *Id.*

Plaintiff's claims rest entirely on the allegation that Defendants failed to properly investigate her complaint regarding a forged rental lease used in an eviction proceeding. However, the Court finds that the alleged prosecutorial actions or omissions by Defendants are "intimately associated with the judicial phase of the criminal process" and, as such, are shielded by absolute immunity.

### E.     Amendment would be futile.

Plaintiff objects to Judge Porter's findings and believes that she should be afforded an opportunity to provide corrections and additional evidence. [ECF No. 8 at PageID.119.] The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action*." Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed ... [and] futility of amendment").

Here, further amendment would be futile because Defendants' conduct arises from prosecutorial actions for which the doctrine of separation of powers prohibits this Court from enjoining. Further, based upon the facts alleged, Plaintiff cannot state a cognizable constitutional violation. Lastly, absolute immunity applies to Defendants' actions. Because amending the complaint would be futile, this Court will not afford her the opportunity to do so.

**IV.     CONCLUSION**

For these reasons, and for those set forth in Judge Porter's Findings and Recommendation, Plaintiff's Complaint is DISMISSED WITH PREJUDICE, and her Application is DENIED as moot. This Court further orders that judgment be entered, and this case be closed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 21, 2025.

Shanlyn A.S. Park
United States District Judge